**In the Matter of FISHER HOLDING COMPANY, INC., Debtor.**

**Bankruptcy No. EV 79–6–RA.**

United States Bankruptcy Court, S. D. Indiana.

April 20, 1981.

Bowers, Harrison & Kent, Evansville, Ind., for debtor.

Yocum & Hahn, Evansville, Ind., Kunz & Kunz, Indianapolis, Ind., for Korte Bros., Inc., and Paul A. Teegarden.

MICHAEL H. KEARNS, Bankruptcy Judge.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

This matter is before the Court upon the claim of Korte Bros., Inc., against the debtor, Fisher Holding Co., Inc., (hereinafter FHC) and the objection thereto filed by another claimant in this cause, Paul A. Teegarden. The objection came on for hearing on October 22, 1980, and November 17, 1980. Claimant Korte Bros., claimant Teegarden, and the debtor were represented by counsel at each of said hearings.

The Court, having heard the evidence and reviewed the pleadings and arguments thereon, having observed the demeanor of the witnesses and weighed their credibility, and being duly advised in the premises, now enters the following findings of fact, conclusions of law and order with respect to said claim and objection thereto.

## FINDINGS OF FACT

1. The Court has jurisdiction over the parties and subject matter by reason of the Bankruptcy Act as amended.

2. In 1978 and 1979, FHC was in the coal brokering business with operations at the Grandview (Indiana) Dock. During that period of time, (February 1978 through June 1979) Korte Bros. leased a coal crusher to FHC. The lease payments on said crusher were Six Thousand Five Hundred Dollars ($6,500.00) per month. FHC made five (5) such payments, the last being on February 5, 1979.

3. On August 14, 1979, several creditors filed an Involuntary Petition in Bankruptcy against FHC in the United States District Court for the Southern District of Indiana. On August 21, 1979, FHC filed a voluntary Petition under Chapter XI of the Bankruptcy Act in that same Court.

4. Korte Bros. filed a claim in this proceeding for the amount of Eighty-three Thousand One Hundred Seventy-nine Dollars and Sixty Cents ($83,179.60). At the hearing, Mr. Buir of Korte Bros. stated the claim to be Seventy-three Thousand Three Hundred Eighty-two Dollars and Eighty Cents ($73,382.80).

5. FHC had difficulty with the leased equipment over the period of the lease. Jerry F. Embry, former president of FHC, stated that he experienced several major problems with the equipment and that the crusher was often disabled. He stated that he asked Korte Bros. to pick up the crusher sometime in the fall of 1978. Donna Horn, secretary to Mr. Embry at that time, testified that she told Korte Bros. to pick up the crusher in the beginning of 1979. Mr. Muir indicated that Korte Bros. received word to pick up the crusher in June 1979, when Embry informed them that a Bankruptcy Petition would soon be filed.

6. Mr. Muir also testified that Mr. Embry told him as late as February, 1979, that Embry was close to finding financing for the purchase of the crusher.

7. Korte Bros. picked up the crusher in June of 1979.

## CONCLUSIONS OF LAW

1. The Court has jurisdiction over the parties and the subject matter by reason of the Bankruptcy Act as amended.

2. A proof of claim, properly executed and filed, shall constitute prima facie evidence of the validity and amount of the claim. Bankruptcy Rule 301. The proof of claim is strong enough to carry over a mere formal objection, i. e. an objection which simply asserts that the claim is invalid, thereby compelling the objector to go forward with the evidence in order to rebut the claimant's prima facie case. However, once the objector has rebutted the claimant's prima facie case, the claimant has the burden of proving his claim. 3 Collier on Bankruptcy P. 57.18(b), pp. 294–5 (14th Ed.).

3. The evidence upholds the validity of the claim for lease payments through February 1979. The payment in February, coupled with Mr. Embry's representations regarding the purchase of the equipment indicate satisfactory performance of the equipment at that time.

4. However, it was in the beginning of 1979 that Donna Horn told Korte Bros. to remove their equipment from the Grandview Dock. Further, FHC made no payments on the crusher after February.

5. The Court concludes that after February 1979, the performance of the crusher leased from claimant Korte Bros. and the demand that Korte Bros. pick up the crusher terminated FHC's obligation under the lease.

6. Claimant Korte Bros.' claim shall be allowed in the amount of the unpaid lease up to and including February 1979. The Court finds that amount to be Fifty-two Thousand Dollars ($52,000.00).